IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

TERESA A. ANSELL,

    *Plaintiff*

v.                                                    Civil Action No.: 2:24-cv-00640

ALEDADE, INC.

    *Defendant.*

## COMPLAINT

Plaintiff Teresa A. Ansell, by counsel, states and alleges as follows for her Complaint against Defendant Aledade, Inc.

## PARTIES

1. Plaintiff was, at all relevant times, a citizen and resident of Kanawha County, West Virginia.

2. Defendant Aledade, Inc., (hereinafter "Aledade") is a Delaware corporation with its principal place of business in Bethesda, Maryland. At all relevant times herein, Aledade was an employer within the meaning of W. Va. Code §5-11-3(d)

3. Aledade at all relevant times herein, did business in Kanawha County, West Virginia.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §1332 as there is diversity of citizenship and the amount in controversy exceeds $75,000.

5. Venue is proper in this court under 28 U.S.C. §1391(b) because the events or omissions giving rise to this claim occurred in the Southern District of West Virginia.

## BACKGROUND

6. Plaintiff is over forty (40) years of age.

7. Plaintiff has over forty (40) years of experience in the medical field with over thirteen (13) years of experience in health information technology.

8. Aledade is a nationwide health information technology company and Accountable Care Organization ("ACO"), providing health care entities with information, technology, data, analytics, tools, and support for managing their practice and patients.

9. Further, Aledade contracts with healthcare entities to help manage their electronic medical record systems and extract data to assist healthcare entities in meeting the requirements of Medicare and/or Medicaid.

10. In April of 2022, Aledade hired Plaintiff as an Implementation Specialist to work remotely from her home in Charleston, West Virginia.

11. Plaintiff performed her work satisfactorily and met the reasonable expectations of Defendant.

12. Plaintiff was part of a team of Implementation Specialists responsible for Aledade's Northeast Region.

13. In 2023, Plaintiff was responsible for seven (7) markets for Defendant Aledade, including West Virginia, supporting six (6) different electronic health record ("HER") systems and six (6) practice management systems as well as two (2) complex practices.

14. In or around April of 2023, Defendant Aledade provided Plaintiff with her annual performance review. Plaintiffs' performance review reflected she consistently met expectations as measured by her results, work quality, and timeliness in her areas of responsibility.

15. Plaintiff's performance review further reflected she exhibited proficiency in the work she performed, achieved, and occasionally exceeded established goals, and demonstrated behaviors consistent with Aledade's core values.

16. Accordingly, upon information and belief, Aledade gave Plaintiff a merit-based salary increase in or around April of 2023.

17. Further, in July of 2023, Aledade expanded Plaintiff's role when it assigned Plaintiff to be responsible for approximately ten (10) new accounts, nearly doubling the number of accounts Plaintiff had been previously assigned to manage by Aledade.

18. In light of Plaintiff's positive performance evaluation and expanded responsibilities, she believed Aledade viewed her as a vital part of their team.

19. However, on October 10, 2023, just three (3) months after increasing Plaintiff's responsibilities, Aledade blindsided Plaintiff by eliminating her position, effective immediately.

20. On October 10, 2023, Plaintiff was shocked to receive an email from Farzad Mostashari, Aledade CEO, and Mat Kendall, Aledade President, informing her of the decision to eliminate her position.

21. Without any prior warning or notification, Aledade abruptly locked Plaintiff out of her email and Aledade's programs/systems.

22. Plaintiff was further called to a zoom meeting where she was informed of the decision to eliminate her position, effective immediately.

23. The Separation and Release Agreement sought for Plaintiff to release Aledade from any possible discrimination claims, including age discrimination.

24. However, the Separation and Release Agreement also contained a chart of similarly situated employees who had either been selected by Aledade for termination or retained, including the age of the employees.

25. Significantly, the only Implementation Specialist Aledade chose for termination was Plaintiff, who was sixty-seven years of age at the time of the termination decision.

26. Further, Aledade chose to retain twelve (12) Implementation Specialists who were all at least ten (10) years younger than Plaintiff, and, therefore, "substantially younger" pursuant to *Knotts v. City of Grafton*, 237 W.

Va. 169, 179-80 (2016) (noting "[a]ge differences of ten or more years have generally been held to be sufficiently substantial" to satisfy the "substantially younger" rule) (internal citations omitted).

27. What's more, Aledade chose to retain a twenty-seven (27) year old Implementation Specialist, who had been hired by Aledade just (6) months before its decision to eliminate Plaintiff's position.

28. Accordingly, this employee was not only substantially younger than Plaintiff, but also less experienced and less tenured at Aledade.

29. Moreover, upon information and belief, Aledade retained substantially younger, less experienced, and less qualified employees in positions Plaintiff was qualified to perform.

30. Finally, when Plaintiff inquired as to why her position was chosen for elimination, she was informed by Aledade there were no "specific factors" they could "speak to" for why the decision was made.

31. Aledade's termination of Plaintiff was unlawful, willful, and malicious.

## COUNT I – AGE DISCRIMINATION (WVHRA)

32. This paragraph incorporates by reference all of the preceding paragraphs as if they were set forth fully herein.

33. At the time of Plaintiff termination, she was sixty-seven (67) years old and in a protected class.

34. The employees chosen by Aledade to be retained as Implementation Specialists were under the age of forty (40) and/or substantially younger than Plaintiff.

35. Rather than eliminating any other Implementation Specialist, Aledade chose to retain substantially younger, less tenured, and less experienced employees over Plaintiff.

36. Aledade's decision to terminate Plaintiff's employment was based, in whole or in part, upon her age in violation of the WVHRA.

37. As a direct and proximate result of Aledade 's actions, Plaintiff has suffered and will continue to suffer lost wages and benefits in an amount to be determine by a jury.

38. Aledade's actions were willful, malicious, and violated the WVHRA, entitling Plaintiff to her attorneys' fees and costs pursuant to W. Va. Code §5-11-13.

WHEREFORE, Ansell requests judgment against Aledade as follows:

    a. All remedies afforded under the WVHRA;

    b. Compensatory damages, including lost wages and benefits;

    c. Front pay;

    d. Consequential damages;

    e. Incidental damages;

    f.      Embarrassment, annoyance, inconvenience, humiliation, loss of dignity, and emotional and mental stress damages;

    g.      Punitive damages;

    h.      Attorney fees and costs;

    i.      Pre- and post-judgment interest on all amounts claimed; and

    j.      Such further relief as the Court may find appropriate.

PLAINTIFF DEMANDS A JURY TRIAL

                                        TERESA A. ANSELL,
                                        Plaintiff,

                                        By counsel:

                                        */s/ Richard W. Walters*
                                        Richard W. Walters (WVSB #6809)
                                        rwalters@shafferlaw.net
                                        Ryan W. Walters (WVSB #14113)
                                        ryanwalters@shafferlaw.net
                                        Shaffer & Shaffer, PLLC
                                        P.O. Box 3973
                                        Charleston, West Virginia 25339
                                        T:304.344.8716